PROGRESS CORPORATION, Appellant, Respondent, *v.* CHARLES GREEN and Another, Copartners, etc., Respondents, Appellants.

Supreme Court, Appellate Term, First Department, June 10, 1937.

*Abraham M. Lowenthal,* for the appellant, respondent.

*Seymour Joseph,* for the respondents, appellants.

PER CURIAM. Defendants' defense to plaintiff's suit for the agreed price of goods admittedly sold is by way of complete avoidance of payment upon the ground of alleged illegality under the Federal Robinson-Patman Act amending the Clayton Anti-Trust Act (38 U. S. Stat. at Large, 730). Both parties moved for judgment on the pleadings. The claim, which is regarded as admitted, is that plaintiff has discriminated in price against defendants by charging them more than their competitors to whom plaintiff also sold identical merchandise. The act is penal in character and must be strictly construed. Under it certain remedies are provided, viz., cease and desist order of the Federal Trade Commission, injunction suit by the United States Attorney-General, criminal prosecution, and suit by a private person for injunction or damages. Most if not all of these remedies are enforcible only in the Federal courts. The agreement of sale was valid under the general law and by itself unquestionably enforcible. It was not inherently illegal so as to bring it within the rule that courts will not enforce illegal contracts or compel wrongdoing. While the alleged agreement of preferential price and terms to competitors, as well as that of the discriminatory price and terms, would necessarily have to be shown to establish a violation under the act, upon such proof the remedies provided are injunction and damages, and complete avoidance is not available. As no counterclaim for damages is

asserted and the counter motions present only the issue of complete illegality and require a decision directly on that alone, it is, therefore, unnecessary to decide the point made of lack of jurisdiction of the court to apply the provisions of the act.

Order denying plaintiff's motion reversed, with ten dollars costs, and motion granted, with leave to defendants to serve an amended answer within six days after service of order entered hereon upon payment of said costs. Appeal from order denying defendants' motion dismissed.

All concur. Present — LYDON, HAMMER and FRANKEN-THALER, JJ.