F. W. STOCK & SONS, INC., Plaintiff, *v.* WILLIAM JACOBSON, Defendant.

Supreme Court, Special Term, Kings County, November 13, 1939.

*S. Brodman,* for the plaintiff.

*Nathan Feldman,* for the defendant.

SWEZEY, J. The defendant moves herein for an order staying the plaintiff from proceeding with the above-entitled action pending the determination of a suit brought in the United States District Court for the Southern District of New York by the defendant against the plaintiff. The action herein is brought to recover a sum alleged to be due and owing to the plaintiff from the defendant pursuant to the provisions of a certain contract wherein and whereby it was agreed that the plaintiff should receive from the defendant a certain part of commission which was paid to the defendant from the company for which he sold certain powdered egg yolks. The consideration for this agreement was the purchase by the plaintiff

from the defendant's employer, through the defendant as agent, certain quantities of these powdered egg yolks. It is claimed that by reason of the purchases which were made by the plaintiff there became due to the plaintiff from the defendant, pursuant to the provisions of the said contract, the sum of $4,251.22.

The defendant urges that the contract is unlawful in that it is in violation of the Federal statute commonly known as the Robinson-Patman Act (49 U. S. Stat. at Large, § 1, p. 1526; U. S. Code, tit. 15, § 13, subd. [c]).

The defendant, subsequent to the commencement of this action, instituted an action in the United States District Court for the Southern District of New York wherein he seeks an injunction to restrain the plaintiff from proceeding with this action and a permanent injunction to restrain the plaintiff from attempting to enforce the contract in suit.

The defendant contends that this action should be stayed pending the determination of the Federal court suit for the reason that the defense of illegality is unavailable to him in the instant action. He relies on the case of *Progress Corp.* v. *Green* (163 Misc. 828) wherein it was held that most, if not all, of the remedies provided in the Federal statutes for the violation of the provisions of the Robinson-Patman Act are enforcible only in the Federal courts. That case, however, is not at all decisive of the question as to whether or not the defense of illegality of contract may be interposed as a defense to the plaintiff's cause of action herein. In my opinion, this court has jurisdiction to entertain the defense proposed by the defendant. It was pointed out by the court in the case of *Remington-Rand, Inc.*, v. *International Business Machines Corp.* (167 Misc. 108, 115): " It is true that the Federal laws cannot be used as a basis for affirmative relief in our State courts, since jurisdiction with respect to the enforcement of those laws lies exclusively in the Federal courts. * * * However, a *defense* that a cause of action does not lie by reason of a violation of the Federal laws *is available* in an action brought in the courts of this State."

From the affidavit presented in support of this motion, it does not appear that any affirmative relief is sought by the defendant in this court. The plaintiff seeks to recover the moneys which it claims accrued pursuant to the provisions of the said contract and if, pursuant to the aforesaid Federal statute, the contract is unlawful, those facts may be interposed as a defense to this lawsuit.

For these reasons it does not appear that there is any necessity for granting a stay of proceedings herein and the motion is denied.