**RODESNEY et al. v. McGEE.**
**No. 8955.**

Circuit Court of Appeals, Fifth Circuit.
Dec. 12, 1939.

Jos. H. Aynesworth, of Borger, Tex., for appellants.

Otis Trulove, of Amarillo, Tex., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

In a case removed to the District Court from a State court, R. E. McGee, as guardian of the person and estate of J. C. Vance, a mental incompetent, adopted and amended the bill brought by a next friend to cancel a note and a deed of trust securing it which Vance had executed and which had been assigned before due to C. A. Rodesney. Rodesney claimed to be an innocent holder for value, and denied the mental incapacity to contract of Vance, and by way of cross relief prayed a judgment on the note and a foreclosure of the deed; but if the note and deed should be cancelled that as a condition of such relief Vance should return the interest in an oil lease which he received for the note and account for moneys received therefrom. The court found incapacity to contract, ordered cancellation of note and deed on return of the consideration; and finding a sufficient return and account had been made entered a decree of cancellation. Rodesney appeals.

Facts which are clear, stated in order of time, are these: When this transaction occurred Vance was a man of seventy-eight years. Four years previously he had fallen upon his head from a viaduct, had concussion of the brain, remained unconscious some days, but got able to be about alone, and transacted simple business. The note was made August 17, 1935, payable to Harry Davis, on order, for $10,000 with interest from date at ten percent and stated it was for money borrowed. The deed of trust was upon the plantation of Vance. Davis, in connection with J. K. Gill, worked up the trade with Vance and took him from Amarillo, Texas, to Oklahoma City to see an oil well on an acre of land, and there sold him a 5/512 interest in it for the note. Davis did not own the interest, but obtained it from one Smith for $4,750. Smith used Vance's note, indorsed to him by Davis without recourse, to pay on an indebtedness he owed to one Fariss, on August 19, 1935. His debt to Fariss was for money borrowed to buy a 1/16 interest in the well. Vance was sent four monthly checks for his dividends from the well. J. K. Gill, claiming a commission of $2,000 against Vance, attached in Oklahoma his interest in the well, had it sold and bought it in. On October 23, 1935, a son of Vance as his next friend sued Gill and Davis in a State court of Texas to cancel this note and deed and others which Vance had given, and filed a notice of lis pendens. A decree of cancellation was granted. But on May 15, 1936, still before the maturity of the note, Fariss in Oklahoma sold it to his father-in-law Rodesney for $10,000, and Rodesney testifies he had nothing to do with the Vance deal, and knew nothing of the consideration of the note or the suit to cancel it. Gill, however, testifies that Rodesney was present at some of the negotiations with Vance. On Dec. 7, 1936, Vance was adjudged mentally incompetent and a guardian was appointed.

That Vance was greatly over-reached admits of no doubt. He was induced to pay $10,000 for a 5/512 share in a 7/8 working interest in a lease of an acre of land with an oil well. Davis the same day obtained the interest from Smith for $4,750. But mere fraud in the consideration would not affect Rodesney if he be an innocent holder. The District Court did not resolve the question whether Rodesney was such, because it found that

Vance was mentally incapable of contracting, and that Rodesney could not enforce the note and deed, no matter how innocent. With that conclusion of fact and law we agree. Many witnesses testify to a great change in Vance's mental condition after his injury, to his marked peculiarities, and to their opinion that he was incapable of understanding such a business transaction as was here involved. There is some testimony tending otherwise, but the weight of it is with the court's finding. The absurd improvidence of the transaction is itself evidence on the point. We think the finding of mental incapacity was warranted. The note was not binding in anyone's hands, nor was the deed.

The guardian as a condition of cancellation was required to do the equity of restoring what Vance had received. Gill surrendered title, and a conveyance of it to Rodesney was deposited with the Clerk for him, and the guardian likewise deposited $639.75, which the court found was all the revenue received by Vance from the well. It appears to us that this is all that should be required. Rodesney has his recourse on his indorser, his son-in-law, who is not shown to be insolvent. The decree was in all respects right and is affirmed.