ROBERTS, Justice.
Daniel Campbell was adjudged incompetent in 1931 and his sister, Martha Campbell Freeman, was appointed his guardian. In May of 1953, Campbell was restored to competency by order of the Circuit Court of Dade County. He was represented in the restoration proceedings by the appellants, Rayman and Rosenhouse, as attorneys. On August 3, 1953, a petition for an adjudication of the incompetency of Campbell was filed in the County Judge’s court by Mrs. Freeman. On August 17, 1953, during the pendency of this proceeding and prior to a hearing, Campbell executed a note and mortgage in the amount of $4,000.00 in favor of Rayman and Rosenhouse, purportedly to cover past and future legal services and costs of future litigation. The mortgage, containing a copy of the note, was assigned by Rayman and Rosenhouse to the appellant Machtei on August 24, 1953, at face value — although Rayman and Rosenhouse returned to Mach-tei $200 of the purchase price as a “finder’s fee”. On August 31, 1953, an order adjudicating that Campbell was mentally incompetent was entered in the County Judge’s Court, and the appellee Saul was appointed as his guardian.
The instant suit was filed in October, 1954, by Saul as guardian of Campbell against Rayman, Rosenhouse, Machtei, and another. The complaint sought an accounting of moneys allegedly wrongfully obtained by Rayman and Rosenhouse from Campbell prior to his restoration to competency in May, 1953, and the cancellation of the note and mortgage on various grounds, including the mental incompetency of Campbell. By counterclaim, Ray-man and Rosenhouse sought an accounting and compensation for legal services rendered to Campbell subsequent to May, 1953. Machtei defended on the ground that he was a holder of the note and mortgage in due course.
The Chancellor heard the witnesses and entered a decree cancelling the note and mortgage but denying to the appellee Saul recovery from Rayman and Rosenhouse of sums allegedly wrongfully obtained by them from Campbell prior to May, 1953. He denied the counterclaim of Rayman and Rosenhouse without prejudice to their *724 right to make a claim for compensation in •other appropriate proceedings.
The defendants, Rayman, Rosenhouse and Machtei, have appealed and the plaintiff Saul has cross-appealed. The principal ■contentions of Rayman and Rosenhouse on the appeal are (1) that the evidence did not support the Chancellor’s finding of the mental incompetency of Campbell at the time he signed the note and mortgage, and
(2)that the Chancellor should have granted the relief sought in their counterclaim. Machtei’s principal argument is that it was •error to cancel the note and mortgage in the absence of evidence that he had actual knowledge of the circumstances in which Campbell executed them, since he had purchased them before maturity and for a valuable consideration. The plaintiff Saul argues, among others, that the Chancellor erred in refusing to require Rayman and Rosenhouse to refund the money turned ■over to them by Campbell prior to May, 1953, during the time when he was an adjudicated incompetent and under guardianship.
As to Campbell’s competency to sign the note and mortgage, the evidence was conflicting; but there was sufficient evidence, if believed by the Chancellor, to support a finding of incompetency. In all the circumstances here, we think the Chancellor was eminently correct in holding that the note and mortgage were, at least, voidable as between Rayman and Rosenhouse on the one hand, and Saul as Campbell’s guardian on the other. This portion of the decree is affirmed.
As to Machtei’s contention that he was a holder in due course of the note and mortgage without actual knowledge of the circumstances under which they were executed, so that the defenses available against Rayman and Rosenhouse were not applicable to him, we find no error in the Chancellor’s conclusion that Machtei was in no better position than Rayman and ■ Rosenhouse, insofar as the validity of the note and mortgage are concerned. See Hillsdale National Bank v. Sansone, 11 N.J. Super. 390, 78 A.2d 441, 24 A.L.R.2d 1374; Rodesney v. MeGee, 5 Cir., 1939, 108 F.2d 128; 4 Fla.Jur., Bills, Notes and Checks, § 138, p. 456; 8 Am.Jur., Bills and Notes, § 615, p. 329; cases collected in the annotation in 24 A.L.R.2d p. 1383 et seq. There was, then, no error in cancelling the note and mortgage as against Machtei.
But this does not end the matter. There can be no doubt that Machtei in good faith advanced $4,000 of trust funds to Ray-man and Rosenhouse. The record shows that these funds were applied by Rayman and Rosenhouse in payment of attorney’s fees- — -their own and others — and costs of litigation conducted in Campbell’s behalf, or otherwise disbursed for the benefit of Campbell. It has been held that where a holder in due course of a negotiable instrument has no actual notice or reason to believe that the maker or drawer was mentally incompetent to execute it, and he parts with consideration which in legal contemplation is received by the maker, he is entitled to recover to the extent thereof. See Hosier v. Beard, 1896, 54 Ohio St. 398, 43 N.E. 1040, 35 L.R.A. 161; Wolf v. Edwards, 1901, 106 La. 477, 31 So. 58; other cases collected in the annotation in 24 A.L. R.2d at pp. 1387-1388, cf. Rodesney v. McGee, supra, 108 F.2d 128. This rule obviously should not be construed as blanket authorization for recovery by a bona fide holder of any and all sums received by an incompetent maker under a voidable note and mortgage; but it is clearly applicable where the proceeds have been used for supplying necessaries to the incompetent or for such other purposes as, in equity and justice, the incompetent or his estate should be held liable for, and we so hold. See 8 Am.Jur., Bills and Notes, § 615, p. 329.
As noted, the Chancellor did not deny the counterclaim of Rayman and Rosenhouse; he merely declined to consider it and dismissed it “without prejudice”. There is in the record, however, an *725 accounting by Rayman and Rosenhouse of their expenditures from and allocation for legal services of the $4,000 derived from the note and mortgage. Insofar as the amounts, if any, of such expenditures and claims for legal services are approved by the court as a proper charge against Campbell's estate, it would appear that Machtei •should be entitled to recover to the extent thereof. Inherent also in the circumstances here is the possibility that Machtei might Rave recourse against Rayman and Rosen-house for the balance of the loss suffered by him by virtue of the invalid transaction respecting the note and mortgage. Cf. Rodesney v. McGee, supra, 108 F.2d 128.
All the parties sought relief in a ■court of equity and are thus subject to -equitable principles. All parties are before the court, so that complete justice may be done among them in the one suit. In all the circumstances here, we think the ends of justice will be best served by an accounting, so that the various equities of the parties may be balanced among them and a disposition of the entire matter made in one decree. It was, then, error to dismiss the counterclaim of Rayman and Rosenhouse.
We have carefully examined the question presented on the cross-appeal and the other questions presented by the defendant-appellants, and no reversible error has been found.
For the reasons stated, the decree is affirmed in part and reversed in part and the cause remanded for an accounting and disposition of the matter in a manner not inconsistent with the opinions herein expressed.
It is so ordered.
TERRELL, C. J., and THOMAS, HOB-SON and DREW, JJ., concur.