114 So.2d 18 (1959)
JONES-MAHONEY CORP., a Florida corporation, Appellant,
v.
C.A. FIELLAND, INC., a Florida corporation, Appellee.
No. 638.
District Court of Appeal of Florida. Second District.
August 7, 1959.
Rehearing Denied September 2, 1959.
*19 Fowler, White, Gillen, Yancey & Humkey, Tampa, for appellant.
Hill, Hill & Dickenson, Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee.
WALDEN, JAMES H., Associate Judge.
This is an appeal from a final decree entered in a suit for an accounting between two corporate general contractors. The parties jointly performed under several building and construction contracts and a dispute arose as to certain tools and equipment, monies lent, and the proper disposition of the contract proceeds. Judgment was duly entered after the allowance of a *20 set-off. Both parties assign error. Appellant was the defendant below and the parties hereafter will be referred to according to their lower court status.
Defendant suggests that the trial court erred in striking that portion of its counterclaim which sounded in tort for damages on account of slander. As authority for his action the Chancellor cited the case of Nash v. Walker, Fla. 1955, 78 So.2d 685. We have carefully examined the cited case and believe it is inapplicable to the case at bar. There the case was at law with a jury trial where the plaintiff had sued on an account for goods furnished. Thereafter, the plaintiff obtained a writ of garnishment and the defendant counterclaimed upon the theory that the garnishment was maliciously procured with intent to force the defendants to pay an unjust obligation. The Supreme Court of Florida concluded that the counterclaim should not have been entertained because of the confusion created by the differing causes of action. The opinion there nowhere suggests that the counterclaim should have been stricken or dismissed. We construe it as saying only that the two issues should not have been tried at the same time before a jury but not as prohibiting the retention of the counterclaim for separate proceedings.
Under the circumstances presented in the instant case, defendant's counterclaim was at least permissive and we feel that he had a substantial right to assert it under Rule 1.13(2), Florida Rules of Civil Procedure, 30 F.S.A., which rule provides:
"The defendant at the time of the serving of his answer may state as a counterclaim against the plaintiff, any claim, within the jurisdiction of the court, not arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim." (Italics supplied.)
In searching for the correct manner of application we agree with the Author's Comment following Rule 1.13, Florida Rules of Civil Procedure found in Vol. 30, F.S.A., which provides, in part:
"The purpose and effect of the rule is to permit any claim that defendant has against plaintiff to be asserted as a counterclaim, thereby avoiding circuity of action. It is immaterial whether the counterclaim is legal or equitable or in contract or in tort, or even whether it has any connection with the plaintiff's claim. * * *
"On permissive counterclaims, all `subject matter' restrictions are removed. A counterclaim may be pleaded without regard to the subject matter of the claim of the opposing party. * * *
"The purpose of the rule is to permit the determination in a single proceeding of all controversies between the parties and thus avoid multiplicity of actions."
This view is supported by the case of Coleman v. Davis, Fla.App. 1958, 106 So.2d 81, 86, wherein it is stated, "It is true that if any relief of an equitable character is grantable, a court of equity may proceed to grant full relief, including such as would otherwise be available only in a court of law." See, also, Machtei v. Campbell, Fla. 1958, 102 So.2d 722, and 12 Fla.Jur., Equity, §§ 43 and 44.
We decide, therefore, that defendant had the right to file his counterclaim for slander, even though same was legal, on the chancery side of the court where the complaint was for an accounting.
We next turn to the avenues available to the Chancellor in the handling of the case.
The parties having chosen not to request a jury trial for the legal counterclaim as they were privileged to do, the Chancellor, in his discretion, could have heard the testimony and tried all issues without distinction in one final hearing on *21 the chancery side of the court. Machtei v. Campbell, supra.
Alternatively, the Chancellor could have ordered a separate trial of the legal issue made by the counterclaim if he found same necessary to the ends of justice. Rule 1.13(9), Florida Rules of Civil Procedure.
Since a jury trial was not requested, we do not explore the procedures by which such right could have been afforded the parties in chancery.
It is our opinion that the court below erred in striking defendant's counterclaim for damages and that same should be reinstated and tried separately as provided by Rule 1.13(9), Florida Rules of Civil Procedure, inasmuch as the accounting phase of the suit has proceeded to conclusion without error, and it is implicit from his action that the Chancellor was of mind to separate the legal and equitable issues.
We have carefully considered the remaining points raised by the parties and the record applicable thereto and believe same to be without merit and not such as would warrant this court's discussion. It has not been shown that the Chancellor abused his discretion or that the final decree is not supported by competent evidence, and thus the lower court's determination as concerns the accounting and set-off should not be disturbed, except that its final entry should be deferred until the counterclaim has had disposition at which time the result thereof should be incorporated and merged in the final decree along with the earlier determinations.
For the reasons stated, the decision of the lower court is affirmed in part and reversed in part and the cause remanded for disposition in a manner not inconsistent with the opinions herein expressed.
It is so ordered.
ALLEN, C.J., and KANNER, J., concur.