RAWLS, Judge.
This is an original proceeding in prohibition.
On July 5, 1961, Felix Glickstein filed a complaint in the Civil Court of Record in and for Duval County. The complaint was in a single count alleging that plaintiff was the holder of a promissory note in the amount of $2,000 which was due hut unpaid by the maker, defendant Sam Rosen-feld. Defendant filed, in addition to his answer alleging several defenses, a counterclaim alleging conversion by plaintiff Glickstein of three Selectro-slide advertising machines of the value of $7,000, the same being the property of defendant Ro-senfeld. Defendant filed a further pleading designated “Additional Cross-claims and Counterclaims” in which he alleged various fraudulent acts committed by plaintiff Glickstein and his brother relative to a transaction involving a $2,000 promissory note given for the purchase of stock in a corporation which was engaged in selling advertising displayed by Selectro-slide machines. On defendant’s ore tenus motion to transfer this cause to the circuit court on the ground that the counterclaim exceeds the jurisdictional amount of the Civil Court of Record, the lower court in its order denying said motion stated:
“ * * * [T]he Court construes the Counterclaim to be a ‘Permissive Counterclaim’ within the contemplation of Rule 1.13(2), 1954 F.R.C.P. Being a Permissive Counterclaim, and it appearing that the Ad Damnum is not within the jurisdiction of this Court, it is apparent that the Counterclaim cannot be permitted. (See Rule 1.13 F.R.C.P.) It is also apparent that the assertion or attempted assertion of a Permissive Counterclaim in excess of the jurisdiction of this Court does not deprive this Court of jurisdiction of the original cause of action and does not require a transfer of such cause to the Circuit Court.”
Defendant Rosenfeld filed a petition in this court to prohibit the Plonorable Tyrie A. Boyer, Judge of the Civil Court of Record, from exercising further jurisdiction in this cause except to transfer same to the circuit court. Rule nisi issued, respondent filed his return and brief, and the cause is here considered on motion for judgment absolute.
The petitioner’s sole contention is that a court of original jurisdiction is required by Rule 1.13(10), Florida Rules of Civil Procedure, 30 F.S.A. to transfer an action to a court having jurisdiction when there has been filed therein any counterclaim, *549 compulsory or permissive, exceeding the jurisdictional amount of the original court.
F.S. § 52.12(1), F.S.A., provides:
“Should the demand of any compulsory counterclaim exceed the jurisdiction of the court wherein the suit is pending, the said suit shall be forthwith transferred to the court of the same county having jurisdiction * *
Under this statute it was incumbent upon the initial court to determine whether counterclaims which exceeded the court’s jurisdictional amount were compulsory or permissive. Only compulsory counterclaims were required to be transferred.
This statute was superseded in 1954 by the adoption of the Florida Rules of Civil Procedure, more particularly Rule 1.13(10) which provides:
“Should the demand of any counterclaim exceed the jurisdiction of the court wherein the suit is pending, the said suit shall be forthwith transferred to the court of the same county having jurisdiction of the demand in the said counterclaim mentioned * * [Emphasis supplied.]
It is apparent that the purpose and intent of deleting the word “compulsory” in this rule was to permit all counterclaims that the defendant has against the plaintiff to be asserted and disposed of in one action by the court of proper jurisdiction. For the purpose of mandatory transfer under the present rule, it is immaterial whether the counterclaim be compulsory ■ or permissive.
Respondent was cognizant of the changes made by Rule 1.13(10) but maintained that the construction of § 52.12(1), F.S.A. as announced in State ex rel. Peters v. Hendry,[1] decided prior to the adoption of the 1954 Florida Rules of Civil Procedure, was carried forward in Platt v. Kenco Chemical Co.,[2] decided after the adoption of the new rules. It should be noted that these two cases involved compulsory counterclaims and the rule makes no change with respect to the mandatory transfer of compulsory counterclaims.
Respondent has also noted that Rules 1.13(1) and 1.13(2) carry forward the distinction between permissive and compulsory counterclaims and contends that the purpose thereof is to permit the court to determine which counterclaims should be transferred. This distinction is pertinent now only for the purpose of determining whether the defendant is required to counterclaim. If a defendant does not plead any compulsory counterclaim he has, all right of action thereon is foreclosed,[3] but he may assert a permissive counterclaim in the original action or institute a separate proceeding thereon.[4]
Another point urged by the respondent refers to the absence of an ad damnum clause in the plaintiff’s counterclaim. We dispose of this point by simply calling attention to Rule 1.8(b) which does not require an ad damnum clause but simply requires allegations of fact sufficient to show the jurisdiction of the court.
Accordingly, judgment in prohibition is awarded and the cause remanded for the purpose of transferral to the proper court. We assume it will not be necessary to issue the writ.
CARROLL, DONALD K., Chief Judge, and McLANE, Associate Judge, concur.

. State ex rel. Peters v. Hendry, 159 Fla. 210, 31 So.2d 254 (1947).

. Platt v. Kenco Chemical Co., 132 So.2d 27 (Fla.App.3d 1961).

. Pesce v. Linaido, 123 So.2d 747 (Fla.App.3d 1960); Rules 1.11(b) and 1.13 (1), F.R.C.P.

. See Jones-Mahoney Corp. v. C. A. Fielland, Inc., 114 So.2d 18 (Fla.App.2d 1959).