SMITH, Chief Judge.
The appellee-plaintiff recovered a judgment in its suit against the appellant-defendant on an open account seeking recovery for asphalt products sold by the plaintiff to the defendant. We find the trial court erred in striking the defendant’s counterclaim and we reverse.
Iri its answer the defendant alleged as defenses, among other things, that the plaintiff had agreed with other suppliers *811 to fix or increase the price of the asphalt products sold by the plaintiff to the defendant, that such conduct constituted an unlawful restraint upon the defendant’s trade and that consequently the sales to the defendant were illegal, void and unenforceable. By counterclaim the defendant alleged that it was entitled to a setoff against the plaintiff for the difference between the prices charged and the prices which should have been charged in a free and openly competitive market. On motion of the plaintiff the court struck these defenses and the counterclaim, and following a trial without a jury entered judgment for the plaintiff.
The amount of the judgment indicates that the court found for the defendant as to one disputed item and found for the plaintiff with respect to other disputed items. The testimony was conflicting and the findings are supported by competent evidence. We find ,no error as to these items.
In considering the court’s striking the defendant’s defenses and counterclaim we have a question of pleading in which it is assumed that the facts alleged in the defenses and the counterclaim are true. This question may be succinctly stated as: May a defendant in an action on an open account for goods bargained and sold by the plaintiff to the defendant (a) plead a violation by plaintiff of the state anti-trust law as a defense, and/or (b) state a cause of action via counterclaim in the nature of a setoff based upon the plaintiff’s alleged violation of the state’s anti-trust law? We conclude that these facts do not constitute a defense but that the defendant may counterclaim.
The facts alleged constitute an illegal trust between the plaintiff and third parties in violation of the Florida Anti-Trust Act, Ch. 542, Fla.Stat., F.S.A. It is a crime for a person to become engaged in such a combination. Any contract or agreement in violation is void and not enforceable in law or equity. This latter provision merely codifies the common law rule that a member of an illegal trust or combination cannot invoke the aid of courts to enforce contracts establishing the trust or combination or carrying out its illegal purposes. 58 C.J.S. Monopolies § 87; 36 Am.Jur., Monopolies, § 197. Such a provision does not render void and unenforceable the contracts of members which are merely collateral to or wholly independent of the illegal activities of the trust or combination. 58 C.J.S. Monopolies §§ 91-92; 36 Am.Jur., Monopolies, § 198. On occasion considerable difficulty has been encountered in attempting to distinguish clearly between the two types of contracts. Continental Wall Paper Co. v. Louis Voight & Sons Co., 1909, 212 U.S. 227, 29 S.Ct. 280, 53 L.Ed. 486. However, it is generally recognized that an ordinary sale by a member of a trust or combination to a third party constitutes a collateral or independent contract. Connolly v. Union Sewer Pipe Co., 1902, 184 U.S. 540, 22 S.Ct. 431, 46 L.Ed. 679; D. R. Wilder Mfg. Co. v. Corn Products Refining Co., 1915, 236 U.S. 165, 35 S.Ct. 398, 59 L.Ed. 520; 22 Fla.Jur., Monopolies, § 12; 58 C.J.S. Monopolies § 92; 36 Am.Jur., Monopolies, § 198. Consequently, such a purchaser cannot avoid payment merely because its supplier is a member of a trust or combination, the illegal activities of which have affected the price. Since the sales in question here clearly were collateral or independent contracts within the meaning of the rule, the court properly struck the. defendant’s defenses based on the alleged anti-trust violation.
In arriving at this conclusion we have not overlooked the decision of the Supreme Court of Florida in Bruce’s Juices v. American Can Co., 1945, 155 Fla. 877, 22 So.2d 461, nor the decision of the Supreme Court of the United States in the same case, 1947, 330 U.S. 743, 67 S.Ct. 1015, 91 L.Ed. 1219. The ultimate Florida decision there was rendered on rehearing in which the court merely stated:
“ * * * we are 0f the opinion that the defense attempted to be interposed *812 was not available under the facts submitted in evidence to the court below * *
Thus, the issue was ultimately resolved as a question of fact. In its affirmance of that decision, the Supreme Court of the United States held that the defense of an unlawful restraint of trade was not available for the reason that Congress had not named this as a remedy but to the contrary had specifically provided a treble damage suit remedy to a person so aggrieved. It should also be noted that that case involved federal acts while the case at bar involves the Florida Anti-Trust Act.
The order dismissing the defendant’s counterclaim raises other questions. At common law, contracts in unreasonable restraint of trade were not unlawful in the sense of being criminal or giving rise to a civil action for damages in favor of one prejudicially affected thereby, but were simply void, and were not enforced by the courts. Apex Hosiery Co. v. Leader, 1940, 310 U.S. 469, 60 S.Ct. 982, 84 L.Ed. 1311; United States v. Addyston Pipe & Steel Co., 6 Cir. 1898, 85 F. 271, 46 L.R.A. 122 (modified and affirmed, 1899, 175 U.S. 211, 20 S.Ct. 96, 44 L.Ed. 136); Brock v. Hardie, 1934, 114 Fla. 670, 154 So. 690. Statutes such as our anti-trust act have the effect of rendering such contracts unlawful in an affirmative or positive sense and punishable as a crime. Brock v. Hardie, supra. While vestiges of the common law rule remain, the weight of authority subsequent to the passage of such acts sustains the right of one harmed by illegal activities of a trust or combination to recover damages in a proper case. 58 C.J.S. Monopolies §95; 36 Am.Jur., Monopolies, § 204; Annotation, 92 A.L.R. 185. The absence of an express statutory remedy does not prevent a third person from recovering damages proximately caused by violations of the act. Ibid. See also Group Health Cooperative v. King County Medical Soc., 1951, 39 Wash.2d 586, 237 P.2d 737, and North Texas Gin Co. v. Thomas, Tex.Civ.App.1925, 277 S.W. 438.
In a case decided prior to the adoption of the Federal Rules of Civil Procedure a purchaser sued for the price of goods sold was denied the right to set off damages allegedly sustained as a result of the seller’s breach of the Sherman Anti-Trust Act. See Connolly v. Union Sewer Pipe Co., supra, in which the court noted certain procedural objections to allowing a setoff for unliquidated tort damages. It also adopted the view that the action which the Sherman Act authorizes must be a direct one and therefore the damages claimed by a violation of the Act cannot be set off in an action to recover the purchase price of the goods sold.
Since the adoption of the federal rules at least two federal courts have followed the rule of the Connolly case, one' without discussing the effect of the federal rules with reference to counterclaims. Rule 13, Federal Rules of Civil Procedure. Barnsdall Refining Corporation v. Birnamwood Oil Co., D.C.E.D., Wisc.1940, 32 F.Supp. 314; Independent Oil Co. v. Barrett, D.C.D.C.1939, 79 F.Supp. 831. Another federal court has held that a counterclaim for treble damages is now proper under the rules. Brown Paper Mill Co., Inc. v. Agar Mfg. Corporation, D.C.S.D.N.Y.1941, 1 F.R.D. 579. We conclude that the federal decisions subsequent to the federal rules holding that such a counterclaim is not proper are no longer based upon the procedural objections to allowing a counterclaim or setoff for unliquidated tort damages in a contract action but are now based upon the fact that the Congress has provided an independent treble damage action which precludes a counterclaim. This reasoning cannot prevail in Florida in an action involving Florida’s Anti-Trust Act for the reason that the Florida Statutes do not expressly provide for any independent damage action. In Florida the civil action for damages which arises by virtue of the Florida statute is not limited to any express, exclusive, statutory remedy.
Rule 1.13, Florida Rules of Civil Procedure, 30 F.S.A., requires that a de *813 fendant state as a counterclaim any claim which he has against the plaintiff arising out of the transaction or occurrence that is the subject matter of the action and permits the defendant to counterclaim against the plaintiff on any claim within the jurisdiction of the court. Under the provisions of this rule it is immaterial whether the counterclaim is legal or equitable or in contract or in tort or even whether it has any connection with the plaintiff’s claim, and its purpose is to permit determination in a single proceeding of all controversies between the parties to avoid multiplicity of actions. Jones-Mahoney Corp. v. C. A. Fielland, Inc., Fla.App.1959, 114 So.2d 18.
We therefore conclude that our rules of civil procedure permitted the defendant to assert its counterclaim. The court erred in striking the defendant’s counterclaim. Reversed.
ALLEN and WHITE, JJ., concur.