LILES, Judge.
The circumstances resulting in this appeal began when J. Francis Knorr, Jr., ap-pellee here, purchased some electronic equipment from Dynatronics, Inc., one of the appellants. Mr. Knorr was doing business as Southern Melody, Inc. The electronic equipment was to be installed in supermarkets to provide background music. Sometime after Dynatronics, Inc. delivered the equipment, Mr. Knorr alleged that the equipment did not work, and refused to pay for it. Dynatronics filed suit against Knorr and Southern Melody, Inc. for $2,-526.55, the amount due on Southern Melody’s account. Knorr was joined because Southern Melody, Inc. had been officially dissolved for failure to pay its state capital stock taxes. Dynatronics also caused a writ of garnishment to be issued in advance of judgment against Mr. Knorr’s personal bank account. The circuit court discharged the writ of garnishment when Knorr posted a bond to cover any judgment levied against him.
The complaint against Knorr by Dyna-tronics was later dismissed without prejudice when Southern Melody, Inc. was restored to corporate status by paying its back capital stock taxes. Appellee Knorr then filed suit against Dynatronics, Inc. and its surety, United States Fidelity and Guaranty Company, for wrongful garnishment of his bank account. The trial judge entered a judgment in favor of Knorr and against appellants in the amount of $332.00, and this appeal was taken.
Appellants argue that a judgment could not be sustained against them for improper garnishment of appellee’s bank account because the original proceeding in which the writ of garnishment was sued out had not been finally dismissed or adjudicated on its merits, and appellee had brought no proceedings resulting in a dissolution of the writ of garnishment.
Florida Statute § 77.24 (1969), F.S.A. provides that a defendant whose property has been garnisheed may secure the release of the property by posting a bond. The statute goes on to say, “On the approval of the bond the court shall discharge the garnishment and release the property.” F. S. § 77.07, F.S.A. provides for dissolution of garnishment by the court that entered the writ. We feel that either the proceedings outlined in F.S. § 77.07, F.S.A., or the posting of a bond under F.S. § 77.24, F.S.A., result in sufficient discharge or dissolution of the writ to allow a later suit for improper garnishment. In the case of Nash v. Walker, Fla.1955, 78 So.2d 685, the Florida Supreme Court also recognized that a garnishment may be discharged under both F.S. §§ 77.07 and 77.24, F.S.A. See also Jones-Mahoney Corp. v. C. A. Fielland, Inc., Fla.App.1959, 114 So.2d 18, holding that an action for improper garnishment should be brought in a separate proceeding, and not as a counterclaim in the principal suit. In the case at bar, the ac *72 tion was properly brought as a separate proceeding.
Appellants also contend there is no evidence that Dynatronics, Inc. had improperly sued out the writ of garnishment in the original proceeding. We note that the evidence and testimony taken in the trial court on the issue of improper garnishment are not before this court, and therefore we cannot consider this point.
The judgment of the trial court is therefore affirmed.
PIERCE, C. J., and HOBSON, J., concur.