**HILLSBOROUGH COUNTY, a political subdivision of the State of Florida, v. JOHN B. SUTTON.**

8 So. (2nd) 401                                    En Banc

May 22, 1942                Rehearing Denied June 16, 1942

Luther W. Cobbey and Oliver C. Maxwell, for plaintiff in error.

Shackleford, Farrior & Shannon, Sutton, Reeves & Allen, and Robert H. Anderson, for defendant in error.

ADAMS, J.:

This case is here on writ of error to review a judgment for plaintiff.

The plaintiff sued the defendant to recover the balance due under a contract to render legal services to the defendant county.

The county in January, 1937, by resolution of the board of county commissioners employed plaintiff. The law fixed the period of the plaintiff's contract to two years. Chapter 11911, Acts of 1927. In June, 1937, the county discontinued plaintiff's services without cause. There were pleas of payment and never promised as alleged. A pre-trial conference was held

(as authorized under Supreme Court rule in Hillsborough County).

The attorneys for the parties appeared and submitted certified copies of resolutions by the board of county commissioners. These documents substantiated the declaration. At the conclusion of the conference, plaintiff was awarded judgment. Motion for new trial was denied and writ of error sued out.

Was the court justified in rendering final judgment in this fashion? It appeared to be the view of the trial judge that the material facts were undisputed and the controversy was with regard to the legal effect of the facts. The county admitted the employment, discharge and nonpayment subsequent to discharge. The county wished to have the commissioners testify that it was their understanding that the employment was made pursuant to a statute subsequently held unconstitutional. Chapter 16461, Acts of 1933. State v. Culbreath, 128 Fla. 210, 174 So. 422. The agreement was free of ambiguity and the court properly held the proffered testimony inadmissible. When a contract is entered into in pursuance to a valid and an invalid statute the parties are conclusively presumed to be acting under the valid statute.

The purpose of a pre-trial is to simplify the issue. If the conference progresses to the point of eliminating all questions of fact then the court may give judgment according to law on the facts before him. In this case the declaration alleged a contract for a stipulated sum of $5000.00 annually. The pre-trial conference disclosed the making of the contract and the breach without cause. It is true the resolution which evidenced the contract did not fix the amount of salary. The plaintiff declared that it was $5000.00

annually. The question then arises did either plea put such allegation in issue? Obviously the plea of payment did not. The plea of never promised operated to deny the execution of the contract but not the contents of same. Rule 25, Florida Practice by Arnow. Crandall's Florida Common Law Practice, Sec. 157.

The trial judge was of the opinion that the action was special assumpsit and not for the emoluments of an office. In this position he was correct. We have carefully considered all other questions presented and fail to find reversible error.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, CHAPMAN, and THOMAS, JJ., concur.