MATHEWS, Justice.
This is an appeal from a final judgment entered by the Court without a jury against the appellants as a result of a pretrial conference. At this conference the primary investigation was to determine from the facts whether or not the defendant, Dade County, was guilty of actionable negligence and the judgment was based upon these facts. In addition to the questions considered at the pre-trial conference, the answer of the defendant raised the question of immunity of the County from suit on account of the negligence alleged and the failure of the appellants to present their claim to the County Commissioners as required by law. F.S. § 95.08, F.S.A. requires that any claim against a county be presented to the County Commissioners within one year after the alleged cause of action has accrued.
The pre-trial conference was held pursuant to 30 F.S.A. Rule 16 of the Florida Common Law Rules. The facts in connection with the accident were fully developed at the pre-trial conference. After a discussion of the facts, the attorney for the plaintiffs then stated to the Court that in his opinion the proximate and prime reason for the injury was the lack of precaution which should have been taken by the 'County with respect to that area, because had there been barriers placed on a two-foot strip for pedestrians on this bridge, no injury would have occurred to the plaintiff. The Court then ruled that the County was not guilty of any actionable negligence and the sole proximate cause of the injury was the negligence of the operator of another automobile. Thereupon a summary judgment was entered for the defendant.
The record in this case fully justified the judgment. Hillsborough County v. Sutton, 150 Fla. 601, 8 So.2d 401.
It was insisted by the appellants that the County was guilty of actionable negligence by reason of the provisions of Sections 341.77 and 348.10, F.S.A. These sections of the statute are in the interest of the traveling public and impose certain discretionary powers upon the State Road Department. They do not place any liabil *683 ity upon the County for actionable negligence in failing to exercise any of the discretionary powers or duties therein mentioned.
 In addition to the absence of any facts or evidence showing actionable negligence against the County, the other defenses should not be ignored. In this case it appears that the suit arose from functions being performed by Dade County in its governmental capacity; that Dade County is a political subdivision of the State of Florida and is immune from suit as a result of the facts disclosed. It further appears that the appellants did not within one year after the alleged cause of action accrued present their claim to the County Commissioners of Dade County, as required by F.S. § 95.08, F.S.A.
Affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.