90 So.2d 623 (1956)
Katie ROBERTS, Appellant,
v.
Rosemary BRAYNON, Appellee.
Supreme Court of Florida. Special Division A.
November 7, 1956.
*624 Melvin Schaffer and James Pilafian, Miami, for appellant.
*625 Blackwell, Walker & Gray, Miami, for appellee.
HOBSON, Justice.
Plaintiff here appeals from summary final judgment for defendant in an action growing out of an automobile accident in which plaintiff was injured while riding as a passenger of defendant. The complaint charged defendant with simple negligence, the plaintiff relying upon the relationship of the parties at the time and place of the accident to avoid the effect of the Florida guest statute, F.S. § 320.59, F.S.A.
From the plaintiff's deposition and the minutes of a pretrial conference which was held before the circuit judge, it appears that plaintiff, who had come from New York, was a social guest at defendant's house. On the day of the accident, plaintiff and defendant left defendant's house in defendant's car for the dual purpose of making an airplane reservation for plaintiff's return to New York, at the Eastern Airlines ticket office in downtown Miami, and taking some laundry belonging to defendant to a self-service laundry. Defendant had been placed temporarily in custody of two small children, who accompanied the parties on their trip downtown in the automobile. Had the trip proceeded according to plan, plaintiff would have remained in the automobile and watched the small children while defendant was busy in the laundry. The accident occurred on the way to the airline ticket office, which was to have been the first stop.
On these facts, plaintiff contended that she was not a guest within the meaning of the guest statute, but that the trip constituted a joint enterprise wherein she, by performing and promising to perform functions incident to the care of the children, participated to such extent that the requirement of the guest statute that gross negligence be established was inapplicable.
In Peery v. Mershon, 149 Fla. 351, 5 So.2d 694, plaintiff was employed by defendants as a nurse and governess for their children, and she was injured while a passenger in defendants' automobile and while acting within the scope of her employment under the direct supervision of the defendants. We held that plaintiff in such circumstances was entitled to recover as a servant injured in the course of her employment by the master's negligence, and that the guest statute was inapplicable because she could in no sense be considered a "guest" within the meaning of the statute. That is not the case here.
In McDougald v. Couey, 150 Fla. 748, 9 So.2d 187, we held that plaintiff was a guest within the meaning of the statute although he had bought gasoline for the defendant and had contended that he was a "paying passenger". We there considered the fact that plaintiff and defendant had been lifelong friends. In the instant case, plaintiff was a social guest in defendant's home at the time the accident occurred. Indeed, the record shows that after the accident occurred plaintiff continued to live in defendant's home as her guest for over two months, and did not move out of defendant's home until she had employed an attorney and filed this suit.
In Yokom v. Rodriguez, Fla., 41 So.2d 446, 448, the plaintiff, a woman, had paid all expenses of the trip which resulted in the lawsuit, and the trip was undertaken for her sole benefit and at her request, defendant driver being a male acquaintance, Considering all the circumstances of the case, we held that the transportation was furnished to the plaintiff as "an act of graciousness" and that plaintiff was a guest within the meaning of the statute. In the Yokam case we said that the community of interest which must exist to remove the case from the operation of the guest statute "must be such that the passenger is entitled to be heard in the control and management of the vehicle  such as practically to amount to joint or common possession thereof." The undisputed facts shown in the instant case fall short of this *626 requirement. See also Richardson, Automobiles and Other Vehicles, 2 Florida Law and Practice, Sec. 13.2, and authorities cited.
The circuit judge was authorized to infer, from the admissions of the plaintiff, that defendant invited the plaintiff to ride with her as a gesture of hospitality, a projection of the hospitality which plaintiff was already enjoying at the defendant's home. Defendant was at all times in complete charge and control of the vehicle, its itinerary and destination, and the function performed by the plaintiff was a mere matter of convenience which could not be regarded as a consideration for her transportation to the airline ticket office. Upon this aspect of the case it is clear that no error has been shown, and it was therefore necessary for plaintiff to plead and prove gross negligence under the guest statute before recovery for her injuries could have been forthcoming.
A procedural aspect of the case remains to be considered. After the pleadings were closed, a pretrial conference was noticed by the circuit judge, and thereafter a motion for summary judgment was filed by the defendant and set for hearing on the same date as the pretrial conference. At the pretrial conference, plaintiff objected to defendant's motion for summary judgment on the ground that plaintiff had not received the full notice required by the rules of procedure. This objection was sustained by the trial judge, who observed, however, that he conceived it to be within his power to enter a summary judgment of his own motion after the pretrial conference if, upon consideration, he was convinced that such judgment should be entered. Several days after the pretrial conference, the summary judgment appealed from was entered, the order reciting that it was based upon the plaintiff's deposition and the admissions made at the conference, that there was no genuine issue as to any material fact, and that defendant was entitled to judgment as a matter of law.
We sanctioned such procedure in Waite v. Dade County, Fla., 74 So.2d 681. There the facts had been fully developed at the pretrial conference, whereupon the trial judge, who was convinced that no genuine factual issue remained, entered judgment for the defendant. The same procedure was presented to us earlier in Hillsborough County v. Sutton, 150 Fla. 601, 8 So.2d 401, 402, wherein we stated in part:
"The purpose of a pretrial is to simplify the issue. If the conference progresses to the point of eliminating all questions of fact, then the court may give judgment according to the law on the facts before him."
See also Bruce's Juices, Inc. v. American Can Co., 155 Fla. 877, 22 So.2d 461.
Although the procedure indicated is salutary as a time-saving device when used in a proper case, it must be employed with an abundance of caution. Under the Florida Rules of Civil Procedure, Rule 1.16, 30 F.S.A., the pretrial conference is to be called only "after all issues are settled". In the ordinary case, this contemplates not only that the pleadings should be settled and that sufficient notice should be given to permit full preparation, Town of Coreytown v. State ex rel. Ervin, Fla., 60 So.2d 482, but also that the conference should be held after the parties have had an opportunity to utilize the discovery procedures and are fully informed on all aspects of the case, thus being in a position to furnish maximum aid to the trial court in its efforts to simplify and shorten the trial. See comments by Raymond and Wilson following Rule 1.16, 30 F.S.A. 419, and authorities cited. When pretrial procedure is thus used, the risk of prejudice to a party by the entry of summary judgment against him without adequate notice and before he has developed the basic case he intends to prove is greatly minimized.
As we pointed out in Cook v. Navy Point, Inc., Fla., 88 So.2d 532, in connection with an ordinary motion for summary *627 judgment, "the ten day minimum time limit prescribed for service is none too long, considering the swift and dispositive character of the motion." When noticed for a pretrial conference, counsel should recognize and prepare for the possibility that at the conference the issues of fact may be simplified to the point of elimination, whereupon the court, confronted with a pure matter of law, may resolve it by summary judgment as we have indicated above. But any summary judgment, whether made of the court's own motion or on motion of a party, is "swift and dispositive" and requires the same notice and preparation. Therefore, as a matter of construction of the Rules, if less than ten days' notice of the pretrial conference has been given, counsel should upon request be permitted a reasonable opportunity to make a showing that a genuine issue of material fact remains before summary judgment is entered by the trial court of its own motion.
This is not to say that counsel should be permitted to create an issue where none grew before, in disregard of admissions previously made, see Lewis v. Lewis, Fla., 73 So.2d 72, but only that counsel should not upon short notice be deprived of an opportunity to present a case, if any he has.
Because we have not previously attempted to harmonize pretrial procedure with summary judgment procedure, we are particularly solicitous of the rights of plaintiff-appellant in this case. From admissions, and from the pleadings, it is plain that the case is subject to the guest statute and that, to warrant recovery, gross negligence must be shown. From plaintiff's deposition it appears that the accident occurred at an intersection. While defendant's automobile was approaching this intersection, defendant exclaimed that her brakes would not hold. Although the automobile was not proceeding at high speed at the time, defendant was apparently unable to stop it and it proceeded into the intersection, through a red light, and struck another vehicle. We cannot say that the record is sufficiently complete to preclude all possibility of a showing of gross negligence. On the procedural situation, compare Fellowship Foundation v. Paul, Fla., 86 So.2d 808.
On the present record, the judgment must be, and it is hereby, affirmed. In view of the matters we have treated above, however, this affirmance will be without prejudice to the plaintiff, within a time to be set by the trial court, to move for leave to amend her complaint to allege facts, if any there may be, constituting gross negligence on the part of the defendant. If such motion is made, the granting or denial of it, of course, will rest within the sound judicial discretion of the trial judge.
It is so ordered.
DREW, C.J., THORNAL, J., and KNOTT, Associate Justice, concur.