102 So.2d 746 (1958)
Margaret RAPHAEL, Appellant,
v.
Harry KORETZKY, doing business as National Hotel, Inc., a Florida corporation, Appellee.
No. 57-251.
District Court of Appeal of Florida. Third District.
May 15, 1958.
Rehearing Denied June 9, 1958.
Rassner, Miller & Roth, Miami, for appellant.
Wicker & Smith, and J.C. Brannen, Miami, for appellee.
HORTON, Judge.
This appeal is from a summary final judgment entered at pre-trial conference.
The amended complaint for damages was for personal injuries allegedly sustained by the appellant while a guest in appellee's hotel. The specific charge of negligence in the amended complaint is:
"2. That on said date and place as a result of the defendant's negligence *747 or by the negligence of its agents, servant and employee, the plaintiff was injured by a rusty nail which protruded from a chair located at the defendant's hotel.
"3. That the defendant knew or should have known of the dangerous condition of the chair; that as a direct and proximate result of the defendant's negligence, the plaintiff sustained painful and permanent injuries to her leg and was otherwise injured."
To the amended complaint an answer was filed denying the material allegations of the amended complaint and setting forth an affirmative defense of contributory negligence. At pre-trial conference, summary judgment was entered sua sponte by the trial judge upon the pleadings and statements of counsel for the appellant. There were no affidavits, depositions or admissions on file or before the court. The appellant was notified on or about June 25, 1957, by order of the court that a pre-trial conference would take place on August 15, 1957.
At the pre-trial conference, appellant's counsel in substance stated that he expected to prove that while the appellant was a guest at the appellee's hotel and while she was adjusting a chair at pool side, she was injured by a rusty nail which protruded from the chair; that the alleged injury occurred in the daytime and that the chair was the type which could be adjusted to various positions; that while the appellant was adjusting the chair to suit her position the nail entered her leg; that the chair was a redwood type of chair that had been exposed to the weather and that guests of the hotel used these chair every day and that the appellee was under a duty to see that they were inspected. At the conclusion of the statement by counsel for the appellant, which has been summarized here, the court entered summary judgment based on a finding that no liability existed on the part of the appellee. Contributory negligence was specifically excluded by the court as a basis for the summary judgment.
It cannot be questioned that a trial court has the authority to enter a summary judgment of its own motion at pre-trial conference. In Hillsborough County v. Sutton, 150 Fla. 601, 8 So.2d 401, 402, the Supreme Court of Florida said:
"* * * If the conference [pre-trial] progresses to the point of eliminating all questions of fact then the court may give judgment according to the law on the facts before him. * * *".
See also Roberts v. Braynon, Fla. 1956, 90 So.2d 623.
The second inquiry then must be whether the pleadings on file together with the admissions of counsel for the plaintiff at the pre-trial conference affirmatively show that the plaintiff could not recover in the event of a trial. See Waite v. Dade County, Fla. 1954, 74 So.2d 681.
It is necessary, first, to examine the allegations of the complaint. In order to set forth an action for negligence, a plaintiff must allege ultimate facts showing the relationship out of which a duty is implied by law and sufficient acts or omissions causing injury, coupled with averments that they were negligently done or omitted. American Box & Lumber Co. v. Chandler, 102 Fla. 907, 138 So. 29; Kasanof v. Embry-Riddle Co., 157 Fla. 677, 26 So.2d 889.
It is charged here that the appellant was injured by a rusty nail protruding from a chair located on the appellee's premises and that the dangerous condition of the chair was known or should have been known to the appellee. The complaint was fatally defective in that it did not set out facts constituting negligence.
If the cause had gone to trial and the plaintiff had proved all of the facts, which he stated at pre-trial that he proposed to prove, it would have been incumbent upon the judge at such trial to direct a verdict at the conclusion of the plaintiff's case. *748 Therefore, there was no error to enter the ultimate judgment without the expense of a trial.
Affirmed.
CARROLL, CHAS., C.J., and PEARSON, J., concur.