WHITE, Judge.
Appellants William Green and minor son Paul Green were plaintiffs in a suit for damages for injuries sustained by the minor plaintiff when he climbed on the rear of a road roller belonging to the corporate defendant Manly Construction Company and operated by the defendant Walter Meeks. The mishap occurred when the boy lost his balance and was caught between the frame and a rear wheel of the vehicle causing severe abrasions of the leg. The final judgment here reviewed is a summary judgment entered for the defendants on oral motion following pre-trial conference.
The original complaint was. based on the theory of attractive nuisance. However, after the defendants filed their answer the plaintiffs filed an amended complaint containing general allegations of negligence but, in essence, hinging the case on the doctrine of last clear chance. The plaintiffs alleged that Paul Green was playing near the highway where the road roller was being operated and that tire operator knew that Paul Green was near by, that Paul Green climbed upon the rear end of the road roller, slipped and had his leg caught as indicated, began to shout, and was carried some distance before the vehicle was brought to a halt. It was alleged that the operator “persisted in his negligent and careless refusal to look behind him so that he could either hear or see minor plaintiff in his helpless peril” and that in the exercise of ordinary care the operator should have known of the boy’s peril.
The defendants denied negligence, pleaded contributory negligence, averred that the operator was not aware of the boy’s situation until a stranger flagged him down, that there was no reason that the operator should have had previous knowledge of the situation, and that in the circumstances the boy was a trespasser to whom the defendants owed no duty except to refrain from wil-fully or wantonly injuring him after becoming aware of his presence. Plaintiffs father and son answered interrogatories propounded by the defendants, and the minor plaintiff was separately deposed. The plaintiffs took the deposition of the defendant operator who stated that he did not *883 hear the boy or know of his presence until he brought the tractor-roller to a stop on signal from a bystander. A signed statement by the minor plaintiff witnessed by his parents was also made a part of the record and is hereafter set forth. On the court’s motion the cause was duly scheduled for pre-trial conference pursuant to Rule 1.16, Florida Rules of Civil Procedure, 30 F.S.A., which requires notification not less than ten days prior to the conference.
At the pre-trial conference the court considered the pleadings, the aforementioned statement and depositions, statements of counsel and a motion ore terms for summary judgment for the defendants. From this material it was clearly evident that the road roller was a large and heavy vehicle towed by a tractor which made considerable noise, and the driver of the tractor was seated to the front near the engine and not far from the exhaust and was required by the nature of his work to look in a generally forward direction. Other pertinent facts, similarly evident, are included in the findings of the trial court in the order entitled “Pre-trial Order and Final Judgment” from which the following quotation reflects the determination of the case:
“Plaintiffs’ counsel announced that his theory of liability was that, as soon as the minor plaintiff lost his footing and had his lower extremities caught and jammed in such a manner as to injure him, that he -was then in such a position of helpless peril as to place upon the driver of the machine the duty of protecting him from further injury; that the minor plaintiff’s cries ought to have put the operator on notice of his peril even though the driver did not hear these cries, since Plaintiff stated that some other persons did hear them.
“There is no allegation in the Complaint that the defendant driver had any actual knowledge that the minor plaintiff was upon, or near the machine at the time of injury. The complaint alleges that the defendant-driver in the exercise of ordinary care should have known that the minor plaintiff was in a position of peril from which he could not escape unassisted. This is a conclusion of the pleader. No facts are alleged which would support such a conclusion.
“Counsel for the defendant then moved the court to enter judgment for the defendants, on the grounds that plaintiff’s case, as stated, could not create any basis for the liability of either defendant. Counsel for Plaintiffs raised objection to Defendant’s motion on the basis that no prior notice of said motion had been furnished Plaintiffs’ counsel. Counsel for the defendant urged that the minor plaintiff was a trespasser upon the machine; that no duty would arise until the defendant driver became aware of the minor plaintiff’s position of peril, and that the doctrine of last clear chance could not come into play until the defendant knows, or in the exercise of ordinary care, ought to know, this fact, and that such knowledge, actual or implied, must reach the defendant in sufficient time to permit the defendant to act.
“The court then heard arguments of counsel, and statements by plaintiff’s counsel that he had evidence that other persons heard the minor plaintiff’s cries before the defendant driver stopped the machine. Both parties referred to the depositions of the minor plaintiff and the operator, Walter Meeks, and freely discussed the facts.
“The undisputed evidence showed that at the time the minor plaintiff tried to climb upon the rear of the machine and was injured neither he nor the operator could see the other because of the height of the roller.
“The operator did not hear the minor plaintiff’s shout, nor is it contended that he did.
“At the conclusion of arguments, the court granted the defendant’s motion *884 on the grounds that the facts, showed no liability on the part of the defendants, and particularly on the ‘last clear chance’ theory.
“After the court had granted the defendants’ motion, counsel for plaintiff sought leave to amend the Complaint, without indicating in what respects. The court denied this motion.
“It is accordingly
“ORDERED AND ADJUDGED that judgment be and it is hereby rendered against the Plaintiffs and in favor of the Defendants; that the Plaintiffs take nothing by their case and that the Defendants go hence without day.”
Plaintiffs protest on appeal (1) that the •adverse judgment took them by surprise and was procedurally prejudicial; (2) that it was error to deny their oral request for leave to amend the amended complaint; and (3) that the judgment was otherwise erroneous, particularly in its rejection of the “last clear chance” theory of liability.
Plaintiffs first contend that it was error to grant the defendants’ motion for judgment in the absence of a formal advance notice to the plaintiffs that such judgment would or might be sought.[1] This argument fails in view of the fact that the litigants were charged with knowledge that the trial court may, of its own motion, enter summary judgment consequent upon pre-trial conference provided at least ten days advance notice of the conference has been given. F.R.C.P. 1.16. See and compare Roberts v. Braynon, Fla.1956, 90 So.2d 623, 626; Cook v. Navy Point, Inc., Fla.1956, 88 So.2d 532; Waite v. Dade County, Fla.1954, 74 So.2d 681; Hillsborough County v. Sutton, 1942, 150 Fla. 601, 8 So.2d 401, 402. It is not disputed that the pre-trial conference was held pursuant to due notice, and the recitation in the judgment confirms the fact
Roberts v. Braynon, supra, was a personal injury case which the Supreme Court of Florida held to be within the guest statute. The trial court at first denied defense counsel’s motion for summary judgment but thereafter, of its own motion, entered summary judgment for the defendant. The Supreme Court affirmed insofar as simple negligence was held insufficient to establish liability under the guest statute. On the summary phase of the case the court said:
“A procedural aspect of the case remains to be considered. After the pleadings were closed, a pretrial conference was noticed by the circuit judge, and thereafter a motion for summary judgment was filed by the defendant and set for hearing on the same date as the pretrial conference. At the pretrial conference, plaintiff objected to defendant’s motion for summary judgment on the ground that plaintiff had not received the full notice required by the rules of procedure. This objection zvas sustained by the trial judge, zvho observed, hozvever, that he conceived it to be zvithin his pozjver to enter a summary judgment of his ozvn motion after the pretrial conference if, upon consideration, he zvas convinced that such judgment should be entered. Several days after the pretrial conference, the summary judgment appealed from was entered, the order reciting that it was based, upon the plaintiff’s deposition and the admissions made at the conference, that there was no genuine issue as to any material fact, and that defendant was entitled to judgment as a matter of law.
“We sanctioned such procedure in Waite v. Dade County, Fla., 74 So.2d 681. There the facts had been fully developed at the pretrial conference, whereupon the trial judge, who was convinced that no genuine factual issue remained, entered judgment for the de *885 fendant. The same procedure was presented to us earlier in Hillsborough County v. Sutton, 150 Fla. 601, 8 So.2d 401, 402, wherein we stated in part:
" ‘The purpose of a pretrial is to simplify the issue. If the conference progresses to the point of eliminating all questions of fact, then the court may give judgment according to the law on the facts before him.’
“See also Bruce’s Juices, Inc. v. American Can Co., 155 Fla. 877, 22 So.2d 461.
“Although the procedure indicated is salutary as a time-saving device when used in a proper case, it must be employed with an abundance of caution. Under the Florida Rules of Civil Procedure, Rule 1.16, 30 F.S.A., the pretrial conference is to be called only ‘after all issues are settled’. In the ordinary case, this contemplates not only that the pleadings should be settled and that sufficient notice should be given to permit full preparation, Town of Corey town v. State ex rel. Ervin, Fla., 60 So.2d 482, but also that the conference should be held after the parties have had an opportunity to utilize the discovery procedures and are fully informed on all aspects of the case, thus being in a position to furnish maximum aid to the trial court in its efforts to simplify and shorten the trial. See comments by Raymond and Wilson following Rule 1.16, 30 F.S.A. 419, and authorities cited. When pretrial procedure is thus used, the risk of prejudice to a party by the entry of summary judgment against him without adequate notice and before he has developed the basic case he intends to prove is greatly minimized.
“As we pointed out in Cook v. Navy Point, Inc., Fla., 88 So.2d 532, in connection with an ordinary motion for summary judgment, ‘the ten day minimum time limit prescribed for service is none too long, considering the swift and dispositive character of the motion.’ When noticed for a pretrial conference, cozmsel should recognize and prepare for the possibility that at the conference the issues of fact may be simplified to ■the point of elimination, whereupon the court, confronted with a pure matter of law, may resolve it by summary judgment as we have indicated above. But any summary judgment, whether made of the court’s own motion or on motion of a party, is ‘swift and dispositive’ and requires the same notice and preparation. Therefore, as a matter of construction of the Rules, if less than ten days’ notice of the pretrial conference has been given, counsel should upon request be permitted a reasonable opportunity to make a shozving that a genuine issue of material fact remains before summary judgment is entered by the trial court of its own motion.
“This is not to say that counsel should be permitted to create an issue where none grew before, in disregard of admissions previously made, see Lewis v. Lewis, Fla., 73 So.2d 72, but only that counsel should not upon short notice be deprived of an opportunity to present a case, if any he has.” (Emphasis added.)
Deferring treatment of the basic merits of the present judgment which are not involved in this aspect of the appeal, we observe here that the difference between the procedure in Roberts v. Braynon, supra, and the procedure followed in the immediate case is not significant. In Roberts v. Braynon there was no procedural error in the entry of the judgment on the court’s own motion after denial of counsel’s motion to the same effect. Similarly, there was no procedural error in the entry of the instant judgment by the somewhat different but permissible approach, even though the trial court’s action may not have been expected by the plaintiff.
It is next submitted that it was an abuse of discretion to deny leave for fur *886 ther amendment of the complaint as orally-requested by plaintiffs who now state ar-guendo that it was their desire to allege that some additional bystander or bystanders had seen and heard the minor plaintiff in his perilous situation. Already apparent, however, was the fact that a bystanding observer had signalled the defendant’s machine to a halt. No further amendment was necessary to accommodate that showing or any cumulative showing to the same effect. It may be noted parenthetically that sideline observers, regardless of number, could not have been occupied or positioned as was the operator of the tractor. In any event it nowhere appears, that the plaintiffs offered significant new matter or suggested to the trial court any alternative theory of liability that would harmonize with the basic facts already plainly disclosed. It is also notable that the plaintiffs did not move for rehearing after judgment as permitted by Rule 2.8(a) F.R.C.P., 31 F.S.A. Accordingly the plaintiffs’ second point on appeal is not well taken.
The plaintiffs’ final point questions the merits of the summary judgment with particular reference to rejection of the last clear chance theory of liability.[2] Here again no error is demonstrated. We are constrained to agree that the showings on pre-trial conference left no genuine issue of material fact unresolved. It was affirmatively shown that the injured plaintiff, though a minor, understood the implications and hazards of his position. Having been warned by his father, he was a wilful trespasser whose presence was neither known to the operator nor reasonably should have been known to him until he was signalled to a halt. We think the evidentiary factors before the trial court were so impelling as to preclude any reasonable inference contrary to the foregoing conclusion. In these circumstances the trial court’s recognition of the limitations of plaintiffs’ case was not a usurpation of jury prerogative.
The summary judgment, though sometimes improvidently employed, remains an established means of terminating litigation when it is made duly evident that a litigant's position is untenable. Bearing importantly on an evaluation of the case is the minor plaintiff’s deposition and his statement, witnessed by his parents. The statement follows:
“I am Paul L. Green, white, male, 10 years of age, am a student and live with my mother and father at Fruit-land Park, Fla. I wish to make the following statement.
“On January 20, 1960 sometime after school in the afternoon, I came home and got a piece of bread and jelly. I went out into the yard, and was watching the man on the tractor pulling the rolling machine, where the[y] were working on the road in front of our house, I had been running along side the road, keeping up with the tractor. When the man turned the tractor and roller around, and slowed down, I ran out into the road, and got my feet on a bolt on the machine, and tried to hitch a ride. I was going to stand on the hitch on the machine, but my foot slipped and my leg got caught between the wheels. I became scared and do not remember much of what happened after that.
“My father had told me before to keep away from the construction work, and told me to stay in the yard while the men were working on the road.
“My father has read this statement to me and it is true. I have received a copy of this 2 page statement.”
The deposition of the minor plaintiff discloses the following questions and answers :
"Q. Did you know that that was dangerous equipment?
*887 “A. Yeah, I knew it.
* * * * * *
“Q. That thing [roller] was being pulled by a tractor, wasn’t it?
“A. Yes.
“Q. Was it a noisy tractor?
“A. Yes, it had a pipe stuck up here.
“Q. I see — like a Diesel exhaust pipe ?
“A. Yes.
“Q. And it made a lot of noise?
“A. Yes.
“Q. And the only thing you could see of the driver was the top of his head and that’s when you were holding onto the pipe on the side ?
“A. Yes, sir.
******
“Q. Now they had * * * this road roller had a lot of wheels on it, didn’t it?
“A. Yes, sir.
“Q. A lot of wheels along the side of each other, do you know how many wheels?
“A. I think it was about 6 or 7.
jJs íjt H* H* H* ^
“Q. Now you say there was a hump on this roller, could it have been dirt or objects piled up on it to make it heavier?
“A. No, sir. They put water inside of it that weighs it down.
“Q. Well, uh — what was the big hump on the back of it that made it so you couldn’t see the driver?
“A. It was a big watcrtank-like thing that was built into the roller.
* * * * * *
“Q. When you were trying to climb up that way with your foot on this bo.lt fastened to the turning wheel, your foot slipped somehow and you got j ammed up ?
“A. Yes, sir.
“Q. And when that happened you couldn’t see the driver because of the hump on the back of the thing ?
“A. Yes, sir.”
It has been noted that the defendant driver stated on deposition that he was unaware that the minor plaintiff was on the rear of the roller. He stated that he heard nothing and knew of nothing that would lead him to suspect that the boy was so positioned or had fallen into a perilous situation and we think that these assertions are verified by the urtcontroverted physical facts and by a record which overwhelmingly repels any contrary inference. Compare Byers v. Gunn, Fla.1955, 81 So.2d 723.
In the absence of circumstances warranting application of the attractive nuisance doctrine, — and this is not an attractive nuisance case, — a trespassing minor is treated the same as a trespassing adult. Johnson v. Wood, 1945, 155 Fla. 753, 21 So.2d 353, 355; Stark v. Holtzclaw, 1925, 90 Fla. 207, 105 So. 330, 332, 41 A.L.R. 1323. The standard of care owed to a trespasser is to refrain from committing wilful or wanton injury. 23 Fla.Jur., Negligence, §§ 54 and 17. The defendant must be aware of the trespasser in order to avoid causing wilful or wanton injury “unless there is something peculiar in the situation which should reasonably lead him to know that children are trespassing.” See 60 C.J.S. Motor Vehicles §§ 258 and 401. Cf. McNulty v. Hurley, Fla.1957, 97 So.2d 185, 187.
Since there was no showing that the defendant driver did know of the minor plaintiff’s presence, and since the record before the trial court does not disclose any peculiar factor which reasonably should *888 have placed the defendant on notice, plaintiffs’ allegations to the contrary constituted no more than a bare conclusion of the pleader. The judgment is affirmed.
Affirmed.
SMITH, C. J., and OVERSTREET, MURRAY W:, Associate Judge, concur.

. F.R.C.P. Rule 1.36(e).

. See James v. Keene, Fla.1961, 133 So.2d 297, 299, for prequisites to application of the doctrine of last clear chance.