CARROLL, DONALD K., Acting Chief Judge.
The plaintiffs in a negligence action have appealed from a summary judgment for the defendant entered by the Circuit Court for Santa Rosa County.
The basic question presented for our determination in this appeal is whether, in the light of the evidence adduced by the parties at the hearing on the defendant’s said motion, there existed a genuine issue as to a material fact, which issue would preclude the entry of a summary judgment under our procedural rules.
The key provision of Rule 1.510, Florida Rules of Civil Procedure, 31 F.S.A., governing the entry of summary judgments, provides that, after a hearing on a party’s motion for a summary judgment, the judg *16 ment sought “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.”
In their complaint the plaintiffs claim damages from the defendant, a highway construction company, for its negligence in failing to provide a safe detour route for motorists traveling on State Road 281, the said road having been obstructed by the construction of Interstate 10, or to provide a safe means of egress or ingress for motorists to the mean high water line of Escambia Bay, which water line had also been obstructed by the construction of the said Interstate 10.
At the hearing on the defendant’s said motion for a summary judgment, the parties’ evidence establishes the following facts pertinent to the issue of the defendant’s negligence:
Oh the date in question, Interstate 10 was a highway under construction and not yet open to use by the traveling public. On the date in question the plaintiffs and their children had driven to Escambia Bay via the Avalon Beach area to fish for mullet. The construction of Interstate 10 had obstructed State Road 281, which had previously been used by the plaintiffs and others in traveling to the said fishing area. The defendant had provided a detour route, a graded dirt road, on the south side of, and parallel to, Interstate 10, leading to the area .where the plaintiffs usually fished. Upon arriving at the eastbound Interstate 10 exit for Avalon Beach, the plaintiffs observed that the barriers had been removed and that other motorists were using the eastbound lanes of Interstate 10 as a means of ingress to the foot of the Escam-bia Bay Bridge, where the plaintiffs had intended to fish. Since during rainy weather the said detour became impassable and since the plaintiffs knew of such impassable condition during rainy weather, they elected to follow other traffic on Interstate 10 to their fishing area. Subsequently, and during the period when they were fishing, they observed that other motorists were using the westbound lanes of Interstate 10 as a means of both egress from and ingress to their fishing area, and since returning by this route would mean a substantial reduction in their travel, they made their plans to return by way of the said westbound lanes.
At about 8 p. m. the plaintiffs left their fishing area using the said westbound lanes of Interstate 10. At a point very near State Road 281, one section of a concrete slab was missing from Interstate 10, with no signs on the highway, and the plaintiff-husband drove his automobile into the open ditch caused by the said missing slab, as a result of which the automobile was damaged and the plaintiff-wife suffered injuries.
The foregoing evidence legally compels the conclusion that the plaintiffs, before they drove onto Interstate 10, well knew that that highway was under construction and had not been opened for public use.
Under the above circumstances, the plaintiffs bore the relation of trespassers to the defendant. Under the rule established in Florida, the duty owed to a trespasser is to refrain from inflicting willful or wanton injury. See Green v. Manly Construction Co., 159 So.2d 881 (Fla.App.1964). In the case at bar there was no evidence from which a reasonable inference could be drawn that the defendant’s negligence, if any, was willful or wanton.
We conclude from the foregoing that, at the hearing on the defendant’s motion for a summary judgment in the case at bar, the court correctly ruled, in effect, that there was no genuine issue as to the material fact of the defendant’s negligence, and that the defendant was entitled to a judgment as a matter of law, so the summary *17 judgment appealed from was properly entered pursuant to the provision of Rule 1.510 quoted early in this opinion.
Affirmed.
WIGGINTON, J., and MANN, Associate Judge, concur.