233 So.2d 651 (1970)
SEA SHORE MOTEL CORPORATION and Sea Scape Motel Corporation, Appellants,
v.
FIREMAN'S FUND INSURANCE COMPANY and Emery-Richardson & Associates, Inc., Appellees.
No. 2429.
District Court of Appeal of Florida, Fourth District.
March 16, 1970.
Rehearing Denied April 30, 1970.
John A. Thabes of Saunders, Curtis, Ginestra & Gore, Fort Lauderdale, for appellants.
Henry Burnett of Fowler, White, Collins, Gillen, Humkey & Trenam, Miami, for appellee  Fireman's Fund.
McCAIN, Judge.
Plaintiffs-appellants, Sea Shore Motel Corporation and Sea Scape Motel Corporation, appeal both entry of summary final judgment in favor of the defendant, Fireman's Fund Insurance Company, and denial of their motion to amend their complaint against both defendants. We reverse.
Plaintiffs' complaint was framed in three counts. Count I alleged breach of an insurance liability contract by Fireman's Fund for wrongful refusal to defend and/or settle a claim; Count II alleged *652 the negligence of defendant, Emery-Richardson & Associates, Inc., the carrier's local agent; and Count III alleged Fireman's Fund was responsible for the negligent acts of its agent, Emery-Richardson, because Fireman's Fund had full knowledge (implied or actual) of its agent's claim procedures.
Defendant, Fireman's Fund, moved for a summary judgment and on June 24, 1967, received it. On July 6, 1967, plaintiffs filed a motion for rehearing. On June 24, 1968, before a decision was rendered on the rehearing, plaintiffs filed a motion for leave to amend their complaint. On July 18, 1968, both motions were denied.
The motion to amend was denied as "untimely and unsupported by the facts and testimony contained in the record filed herein, and further seeks to inject or introduce new issues into the litigation * * *."
A motion to amend a complaint following a final summary judgment is not necessarily untimely since it is within the discretion of the trial court to grant or deny.[1] Where summary judgment should be entered in a cause and it appears the unsuccessful party may have a cause of action or defense if properly pleaded, the proper procedure is to grant the motion for summary judgment but with leave to amend.[2]
In this complaint plaintiffs alleged the breach of contract by the insurance company which put in issue the entire question of notice. Therefore when plaintiffs sought to amend their complaint to plead no prejudice to the carrier and agent by delay in notice they were not necessarily interjecting a new issue, but rather were attempting to clarify the issues under prevailing law.
It is now clear that while prejudice to the insurer is presumed from a delayed notice, if the insured can demonstrate that the insurer has not been prejudiced thereby, then the insurer will not be relieved of liability merely by a showing that notice was not given "as soon as practicable."[3]
Plaintiffs' motion to amend should have been granted in this instance.
Therefore, this cause is reversed and remanded for further proceedings consistent herewith.
Reversed and remanded.
CROSS, C.J., and REED, J., concur.
NOTES
[1] Roberts v. Braynon, Fla. 1956, 90 So.2d 623.
[2] Hart Properties, Inc. v. Slack, Fla. 1963, 159 So.2d 236; Roberts v. Braynon, Fla. 1956, 90 So.2d 623.
[3] Deese v. Hartford Accident and Indemnity Company, Fla.App. 1967, 205 So.2d 328; Tiedtke v. Fidelity & Casualty Company of New York, Fla. 1969, 222 So.2d 206.