PER CURIAM.
The plaintiffs Carlos Cruz and Luz Cruz, his wife, sued Metropolitan Dade County claiming damages from the County because Mr. Cruz was injured while swimming in the waters off Rickenbacker Causeway. While Cruz was engaged in the activity of “snorkeling,” he was struck by a motorboat. After discovery and the filing of affidavits, Dade County moved for summary final judgment. The summary final judgment was entered for Dade County, and the plaintiffs have appealed from that judgment.
The uncontroverted evidence before the trial court shows that the area in which Cruz was using the bay for swimming was not a designated county park and recreation area. Although it was known to the employees of the County that the area was sometimes used for swimming purposes, the County did not undertake to supervise swimming activities in the area. About forty-five minutes before the accident, a friend of Cruz’s, who was with him, told him to get out of the water because boats were coming in close and someone might get hurt. Cruz got out of the water but, thereafter, returned to his snorkeling activities.
The controlling question on this appeal is whether or not, under the facts of the case, Metropolitan Dade County had a duty to supervise swimming in the area. We hold that no duty existed to supervise swimming in a portion of the bay which was not designated as a public swimming area. In Waite v. Dade County, 74 So.2d 681 (Fla.1954), the Supreme Court of Florida held that the failure of the County to place barriers on a strip for pedestrians on a bridge concerned functions being performed by the County in its governmental capacity and that the County as a political subdivision of the State of Florida was immune from suit as a result of the failure to perform the function.[1]
There being no genuine issue of material fact and it appearing that the County is entitled to a judgment as a matter of law, the summary final judgment is affirmed.
Affirmed.

. The accident with which we are here concerned occurred prior to the effective date of Sections 768.28 and 768.30, Florida Statutes (1975).