428 So.2d 280 (1983)
Marvin E. WOODHAM and Pauline Woodham, Appellants,
v.
Raymond S. MOORE, Lumbermen's Mutual Casualty Company, et al., Appellees.
No. 81-1983.
District Court of Appeal of Florida, Fourth District.
February 2, 1983.
Opinion on Rehearing April 6, 1983.
Montgomery, Lytal, Reiter, Denney & Searcy, P.A., and Edna L. Caruso, West Palm Beach, for appellants.
Marjorie Gadarian Graham of Jones & Foster, P.A., West Palm Beach, for appellees.
PER CURIAM.
This is an appeal from a summary final judgment exonerating an insurance agent from liability for alleged negligence in failing to advise the appellants of the availability and desirability of obtaining higher limits of liability insurance.
There is evidence in the record that the appellants had once had higher limits but were forced to obtain assigned risk coverage at lower limits because of a record of accidents. However, there is also evidence that the appellants subsequently became eligible for coverage with higher limits outside the assigned risk plan but were not so advised by the appellees. In addition, the appellees acknowledged that they had a policy of periodically reviewing the files of their clients, presumably for the purpose of noticing such situations.
Under these circumstances we believe issues of fact existed with respect to the obligation of the agent to advise the appellants of their right to leave the assigned risk plan. Luckey v. Willis Ins. Agency, *281 Inc., 409 So.2d 1218 (Fla. 3d DCA 1982). We remand with some reluctance because we acknowledge that the pleadings do not precisely pinpoint this issue. Were we dealing only with the appellants' allegations that the agent had a broad duty to procure "adequate" insurance, notwithstanding the absence of any instructions to that effect from the appellants, the result might well be different. However, if the record reflects facts which may support a cause of action a claimant should be given an opportunity to amend even where the existing pleadings may be inadequate. Hart Properties, Inc. v. Slack, 159 So.2d 236 (Fla. 1964); Roberts v. Braynon, 90 So.2d 623 (Fla. 1956). We believe such a situation exists here.
Accordingly, we affirm the entry of summary judgment but remand this cause with directions that appellants be given an opportunity to amend their Third Party Complaint to attempt to state a cause of action on the issue discussed above.
ANSTEAD, DELL and WALDEN, JJ., concur.

OPINION ON REHEARING
PER CURIAM.
On rehearing the appellees claim that we have violated the Supreme Court's admonition in Dober v. Worrell, 401 So.2d 1322 (Fla. 1981), not to allow issues to be raised for the first time on appeal. On the other hand the appellants, expressing the same concern but for different reasons, ask us to reconsider our holding that their pleadings were insufficient to cover the issue of fact which we found to exist. The allegations relied upon by appellants are:
6. The Third Party Defendants, Louise M. Roy and J & L Roy, Inc. owed a duty to the Third Party Plaintiffs to provide the automobile liability coverage needed; to obtain the maximum amount of liability coverage for the premium charge; to periodically review the risk to determine whether the liability insurance was adequate;
7. The Third Party Defendants, Louise M. Roy and J & L Roy, Inc. negligently failed to perform their duties to the Woodhams by:
....
C. ... Despite the fact ... that automobile insurance was available to the Third Party Plaintiffs at regular Commercial rates, the Third Party Defendant, Louise M. Roy, procured only minimal automobile liability coverage with policy limits of $10,000 for any one person injured as a result of an automobile accident from the joint underwriting association at a premium with which the Third Party Plaintiffs could have procured much higher automobile liability coverage; ....
We now hold that these allegations, while perhaps somewhat vague and imprecise, were sufficient to include a claim that the appellee agent negligently failed to advise appellants of their right to secure insurance outside of the assigned risk plan. Accordingly, we deny appellees' petition for rehearing, grant appellants' petition for rehearing, reverse the final summary judgment, and remand for further proceedings.
ANSTEAD, DELL and WALDEN, JJ., concur.