HOBSON, Acting Chief Judge.
Cheezem Investment Program I, Ltd., and Cheezem & Associates, Inc., defendants below in a breach of contract action, appeal a summary judgment order rendered in favor of Dale N. Thomas and Debra K. Smith, d/b/a D & D Enterprises, a partnership. We reverse and remand.
In their complaint, appellees sought the return of an earnest money deposit which they had made for the purchase of a condominium unit in a project developed and marketed by appellants. The central alie- *346 gations in the complaint were that the ap-pellees had, pursuant to the purchase agreement,[1] attempted to obtain mortgage financing from institutional lenders but could not qualify. It was further alleged that appellants then had the opportunity to provide comparable financing, but did not do so in a timely fashion.
Appellants answered the complaint and, subsequently, both parties filed motions for summary judgment. The motion was granted in favor of appellees. A final judgment was rendered directing the return of the earnest money deposit together with interest. Thereafter, appellants filed a motion for rehearing and also moved for leave to assert an additional affirmative defense. The additional affirmative defense, if allowed, asserted that the course of conduct of the parties constituted a waiver of the right to rely on the time-of-the essence provisions of the contract. Both of these motions were denied.
On appeal, appellants contend that there were genuine issues of material fact regarding whether appellees properly applied for mortgage financing for the purchase of the condominium. Upon examination of the record in a light most favorable to the non-moving party, we hold that a genuine issue of material fact exists as to whether or not appellees had, as required by the purchase agreement, properly submitted a duly executed loan application to an institutional lender engaged in mortgage financing of condominium units before appellants’ obligation to provide comparable financing arose. See Holl v. Talcott, 191 So.2d 40 (Fla.1966). Additionally, we note that the trial court erred in denying appellants’ motion for leave to amend to assert an additional affirmative defense. See Sea Shore Motel Corp. v. Fireman’s Fund Insurance Co., 233 So.2d 651 (Fla. 4th DCA 1970). Accordingly, we reverse the summary judgment order and remand.
Upon remand, the trial court is directed to initiate proceedings consistent herewith and to allow appellants to amend their pleadings to include the additional affirmative defense.
SCHEB and LEHAN, JJ., concur.

. The pertinent provisions of the purchase agreement in dispute in this action state:
(a) If the Purchaser elects to use mortgage financing to finance a portion of the total purchase price of the property, then the Purchaser shall, within ten (10) days from the date the Purchaser is given notice by the Developer to make such application, submit a duly executed loan application to an institutional lender selected by the Purchaser which engages in mortgage financing of condominium units (the “Mortgage Lender”) for a mortgage loan, in an amount equal to at least 70% of the purchase price and at the prevailing rate of interest at the time of closing or at the time Purchaser accepts Mortgage Lender’s commitment, payable in equal monthly installments over a period of not more than thirty (30) years and upon such other terms and conditions as are determined by the Mortgage Lender.
(b) The Purchaser shall promptly execute all instruments required by the Mortgage Lender and the Purchaser shall promptly comply with any and all other requirements of the Mortgage Lender.
(c)If the Purchaser fails to qualify for the loan for any reason other than the Purchaser’s failure to comply with the requirements of subparagraphs (a) and (b) above, and if the Developer fails to provide comparable mortgage financing to the Purchaser within thirty (30) days of receipt of written notice to the Developer by the Purchaser of the Purchaser’s failure to qualify, the Purchaser may:
[[Image here]]
(2) Cancel the Purchase Agreement by giving written notice of cancellation to the Developer in which event this Purchase Agreement shall be null and void, the Developer shall return all deposits paid and accrued interest thereon to the Purchaser and the parties shall be relieved of any and all further obligations and liabilities hereunder.