443 So.2d 488 (1984)
SEASCAPE OF HICKORY POINT CONDOMINIUM ASSOCIATION, INC., PHASE III, Appellant,
v.
ASSOCIATED INSURANCE SERVICES, INC., Charles J. Engelman and John Underhill a/k/a Jack Underhill, Appellees.
No. 83-1211.
District Court of Appeal of Florida, Second District.
January 13, 1984.
*489 Thomas C. Chase of Allen, Knudsen, Swartz, DeBoest, Rhoads & Edwards, P.A., Fort Myers, for appellant.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellees.
GRIMES, Judge.
This appeal involves the liability of insurance brokers for negligent failure to correctly advise of the existence and availability of insurance.
According to the amended complaint, appellees Underhill and Engelman are agents of appellee Associated Insurance Services, Inc., which holds itself out to the public as "providing professional insurance planning to all Lee County." For the past four years, appellant, a condominium association, has purchased all of its insurance through Associated and has relied on the corporation and its agents to provide insurance planning advice. On three occasions in 1981 and 1982, appellant contacted one or the other of the agents seeking to purchase insurance to cover its seawall in the event of storm damage. On each occasion, appellant was advised that seawall insurance was not available and could not be acquired. Two weeks after appellant's last inquiry, the seawall was destroyed by a storm. Appellant further alleges that contrary to appellees' advice, seawall insurance was available and its availability was widely known among insurance professionals. Appellant seeks damages from appellees for negligently breaching a duty to provide competent insurance planning services by repeatedly advising appellant that seawall insurance was not available. Upon the appellees' motion, the court dismissed the amended complaint with prejudice.
There is a paucity of law to guide us in passing upon the legal sufficiency of the amended complaint. Clearly, the appellees could not be liable for a negligent failure to procure insurance because there was no agreement to acquire seawall insurance. See Neida's Boutique, Inc. v. Gabor & Co., 348 So.2d 1196 (Fla. 3d DCA 1977), cert. denied, 366 So.2d 883 (Fla. 1978). There remains the question of whether appellees owed appellant any duty whatsoever concerning the accuracy of their advice.
Our sister court in Woodham v. Moore, 428 So.2d 280 (Fla. 4th DCA 1983), reversed a summary judgment exonerating an insurance agent for failing to advise certain policyholders of the availability and desirability of obtaining higher limits of liability insurance. His clients had once had higher limits but were forced to obtain assigned risk coverage at lower limits because of a record of accidents. Later, they became eligible for coverage with higher *490 limits outside the assigned risk plan. Though acknowledging that he had a policy of periodically reviewing his clients' files, the agent did not notify them of the availability of the higher coverage. The court deemed these circumstances sufficient to create issues of fact with respect to the agent's obligation to advise the insureds of their right to change over from the assigned risk plan.
In Bates v. Gambino, 72 N.J. 219, 370 A.2d 10 (1977), the plaintiffs sued an insurance broker for negligence in processing an application for fire insurance on their home. Between the time of the application and the date the insurance was approved, the plaintiffs' home was destroyed by fire. The plaintiffs contended that the broker negligently failed to know of the existence of immediate coverage which was available through the issuance of a temporary binder prior to the fire and to inform the plaintiffs of this fact. The trial judge found for the broker on the premise that there was "no breach of duty or contract." The appellate division reversed and remanded for assessment of damages in favor of the plaintiffs. In affirming the judgment for the plaintiffs, the New Jersey Supreme Court relied upon an earlier decision in which it had ruled that one who holds himself out to the public as an insurance broker must possess reasonable knowledge of the types of policies, their different terms, and the coverage available in the area in which his principal seeks to be protected. The court concluded that in the absence of evidence that the regulation permitting the issuance of the binder was so new or insignificant that the broker could not have been reasonably expected to know about it, he was liable for the damages suffered by the plaintiffs as a result of the fire.
The court in Hardt v. Brink, 192 F. Supp. 879 (M.D.Wash. 1961), relied heavily upon the relationship between the parties to hold an insurance broker liable for failure to recommend to his customer appropriate insurance to cover property under lease. On the question of duty, the court stated:
Whether defendant intended to act as a consultant and counselor as well as a solicitor of insurance is not clear. But it is clear that through the designations on his letterheads and the stickers he attached to policies issued by his office defendant held himself out to be an insurance expert. Under the evidence I am convinced that by his conduct and business practices defendant permitted a reasonable inference to be drawn by his customers, such as plaintiff, that he was a person highly skilled as an insurance advisor and that plaintiff relied upon him as such. Under these circumstances defendant assumed a duty to advise plaintiff as to his insurance needs in connection with his business, particularly where such needs have been brought to defendant's attention.
192 F. Supp. at 881. Cf. Nowell v. Dawn-Leavitt Agency, Inc., 127 Ariz. 48, 617 P.2d 1164 (Ct.App. 1980), suggesting that in the absence of separate consideration apart from the premium, the rationale of Hardt v. Brink should be limited to cases involving "a long-established relationship of entrustment between insurance counselor or agent and client from which it clearly appears that the insurance counselor appreciated that there was a duty to take the initiative in giving comprehensive advice to his client on insurance matters." 127 Ariz. at 52, 617 P.2d at 1168. See also 16A J. Appleman, Insurance Law and Practice § 8845 (1981).
Each of the cases discussed above recognized that there can be circumstances under which an insurance broker has a duty to volunteer advice to his client. If this be so, would not a broker under equivalent circumstances have a greater duty to render correct advice when it was given? Appellees seem to argue that they cannot be liable for faulty advice because they received no consideration in exchange for the advice. Admittedly, appellant did not pay for the advice it now asserts was negligently given. The appellees only would have obtained consideration for their efforts by receiving a portion of the premium on the insurance if it had been written. Yet, this *491 is the customary way for insurance brokers to make their living. If they hold themselves out as experts on the subject of insurance, they ought to be held responsible for negligently giving the wrong advice.
The relationship between the parties in this case was not materially different from that which exists when an injured person seeks advice from a lawyer with respect to whether he has a cause of action for damages. In Togstad v. Vesely, Otto, Miller & Keefe, 291 N.W.2d 686 (Minn. 1980), Mrs. Togstad consulted a law firm concerning the possibility of pursuing a malpractice claim. No fee arrangements were discussed, no medical authorizations were requested, and Mrs. Togstad was not billed for the interview. The lawyers erroneously told her that she did not have a case. Relying upon this advice, she did not talk to another lawyer until a year later, at which time the statute of limitations had already expired. In affirming a judgment for damages against the lawyers, the court concluded that an attorney-client relationship existed between the parties under which the lawyers could be liable for damages suffered by Mrs. Togstad in reliance upon their negligent advice.
We hold that the second amended complaint sufficiently alleges a relationship between the parties from which it could be said that the appellees owed a duty to appellant to exercise reasonable care in rendering advice on insurance matters. The appellees held themselves out as professional insurance planners. They had served appellant's insurance needs for several years. The appellant came to them for specific advice. A statement that no seawall insurance is available is manifestly different from one which says that appellees cannot obtain seawall insurance. If appellees reasonably should have known their advice to be incorrect and appellant relied upon such advice to its detriment, appellant has a valid claim for damages. We reverse the order dismissing the amended complaint and remand the case for further proceedings.
OTT, C.J., and CAMPBELL, J., concur.