476 So.2d 783 (1985)
Michael P. CUDLIPP, Appellant,
v.
BLUE CHIP LAUNDRY, INC., d/b/a Environmental Marketing Corp., Appellee.
No. 85-474.
District Court of Appeal of Florida, Fourth District.
October 16, 1985.
Mark D. Greenberg of Stinson, Lyons & Schuette, P.A., Miami, for appellant.
Karen A. Gagliano and Terry E. Resk, of Lavalle, Wochna, Rutherford & Brown, P.A., Boca Raton, for appellee.
*784 PER CURIAM.
We affirm the partial summary judgment entered for the plaintiff but remand with direction that defendant be granted leave to amend. Over twenty years ago, the Supreme Court of Florida said in Hart Properties, Inc. v. Slack, 159 So.2d 236, 240 (Fla. 1963):
In circumstances such as this where a summary judgment should be entered, yet the matters presented indicate that the unsuccessful party may have a cause of action or defense not pleaded, or a better one than that pleaded, the proper procedure is to enter the summary judgment with leave to the party to amend as was authorized in Roberts v. Braynon, Fla. 1956, 90 So.2d 623.
This court recently reaffirmed that principle in Woodham v. Moore, 428 So.2d 280 (Fla. 4th DCA 1983).
Perhaps more important, the Supreme Court recently mentioned Hart in Dober v. Worrell, 401 So.2d 1322, 1324 (Fla. 1981), saying:
This Court expressly held that a trial court could grant summary judgment but allow the losing party a set period of time within which to amend his pleadings.
HERSEY, C.J., and DOWNEY and GLICKSTEIN, JJ., concur.