GRIMES, Judge.
In a prior appeal of this case, we held that the second amended complaint stated a cause of action by alleging that the appel-lees had held themselves out as professional insurance planners and had served Seascape’s insurance needs for several years, that when Seascape asked them to obtain seawall insurance, they negligently responded that seawall insurance was unavailable, and that Seascape relied upon ap-pellees’ advice to its detriment when its seawall was subsequently destroyed in a storm. Seascape of Hickory Point Condominium Association v. Associated Insurance Services, Inc., 443 So.2d 488 (Fla. 2d DCA 1984). Seascape now appeals the entry of an adverse summary judgment.
The main argument in this appeal centers on whether there is any evidence in the record that the appellees ever actually told Seascape that seawall insurance was unavailable. We focused on the significance of this point in our prior opinion when we stated, “A statement that no seawall insurance is available is manifestly different from one which says that appellees cannot obtain seawall insurance.” 443 So.2d at 491.
The deposition testimony of Seascape’s president, Howard Ziadie, is equivocal. He vacillates between saying that appellees merely told him as far as they knew they could not sell him seawall insurance and saying that they said “you cannot buy seawall insurance.” However, one of the ap-pellees, Jack Underhill, testified he remembered telling a representative of Seascape prior to the loss that seawall insurance was unavailable. The record also contains a transcript of a tape recorded statement made by Mr. Underhill after the loss in which he confirms having given such advice. Thus, there appears to be an issue of fact as to this issue.
Seascape also presented the deposition testimony of an insurance expert witness, Walter Graham, who testified in response to a hypothetical question that it would be gross negligence for an agent who was asked about seawall insurance to respond that none was available. Finally, we cannot say that there is insufficient evidence in the record to support a finding that Seascape relied upon appellees’ advice to its detriment.
We reverse the summary judgment and remand the case for further proceedings.
RYDER, C.J., and FRANK, J., concur.