FLETCHER, Judge.
Higinio Rodriguez and Luz Rodriguez appeal a final judgment after a jury verdict entered against them as defendants in a personal injury action. We conclude that the trial court erred when it denied the defendants’ trial and post-trial motions for directed verdict and reverse the final judgment.
The defendants own a single family residence which they rented to the parents of plaintiff Claudine Brutus pursuant to an oral agreement. Although there was a concrete block shed on the property, the agreement specifically excluded Claudine’s family from the use of it or access to it, thus it was not a part of the leased residential premises. Further, the defendants specifically warned Claudine’s father that the shed, which had a door-less entry, contained a working power table-saw. Claudine’s father, pursuant to the defendants’ warning, instructed Claudine that she was forbidden to enter the shed. For a period of two years Claudine and her family complied with the defendants’ warnings.
As fate would have it, however, at the age of twelve Claudine took a woodworking shop class in summer school. Wanting to get ahead on her shop class project, she entered the shed on a day when her parents were not at home. She cranked the table-saw’s round control wheel, making the saw-blade rise up from its safety position under the table. She then turned on the power, activating the saw-blade, and began shaping a piece of wood. Unfortunately, on the second pass through the blade, Claudine’s control of the wood lapsed and she severed the tip of her thumb. Subsequent efforts to reattach the severed portion were unsuccessful.
Claudine and her parents filed suit alleging negligence (maintaining a dangerous condition on the property) on the part of the defendants. The jury returned a verdict in the amount of $375,000 for Claudine’s damages, finding the defendants 80% negligent. The defendants’ post-trial motions were denied, as had been their motions for directed verdict. Final judgment was then entered against the defendants in the amount of $300,000.
Among the various issues presented to us is Claudine’s status (whether trespasser or uninvited licensee) at the time of her injury. As the liability was predicated upon an allegedly dangerous condition on the property (rather than active personal negligence), Claudine’s status is relevant. See Maldonado v. Jack M. Berry Grove Corp., 351 So.2d 967 (Fla.1977).
Although the parties had a landlord/tenant relationship, the location at which the injury took place was not on the leased premises, but on property owned by the landlord and excluded from the agreement. In a like circumstance, the Florida Supreme Court held that the injured party was a “mere licensee,” see Cavezzi v. Cooper, 47 So.2d 860 (Fla.1950), to whom the property owner’s duty is as expressed in Marks v. Delcastillo, 386 So.2d 1259, 1263 (Fla. 3d DCA 1980), rev. denied, 397 So.2d 778 (Fla.1981):
“The duty owed to a licensee is to refrain from wanton negligence or willful misconduct which would injure him, to refrain from intentionally exposing him to danger and to warn him of a defect or condition known to the landowner to be dangerous when such danger is not open to ordinary observation by the licensee.”
We note that if Claudine was an uninvited licensee then the various elements of the defendants’ duties had been fulfilled by them:' there was no wanton negligence, willful misconduct, or intentional harm by the defendants and Claudine had been warned of the “defect” or “dangerous condition.” Indeed, the danger, i.e., the possibility of being injured by the operating saw-blade, was open to Claudine’s ordinary observation. Although twelve years old at the time of her injury, Claudine, pursuant to her own testi *1304 mony,[1] was well aware of the dangers inherent in the use of the saw. Indeed, her shop teacher had informed her that body parts could be cut off by use of such machinery. Notwithstanding this awareness and notwithstanding that the shed was strictly off limits to her, “just taking a chance,” she made her ill-fated attempt to use the table-saw. Thus, if Claudine was a licensee, as the injured party was found to be in Cavezzi v. Cooper, then the defendants did not breach the duty they owed to her.
Although it makes no difference to the result, we observe that Claudine might also be considered to have been an unknown trespasser, having been warned by her father not to enter the defendants’ shed. See Green v. Manly Constr. Co., 159 So.2d 881 (Fla. 2d DCA 1964), in which a ten-year-old boy was injured when he climbed onto operating construction equipment (although warned by his father to stay away from the area), slipped and caught his leg in the machinery. In affirming summary judgment for the construction company in the parents’ negligence action on behalf of the minor, the Second District Court stated, 159 So.2d at 886 (Judge Jack F. White writing for the court):
“It was affirmatively shown that the injured plaintiff, though a minor, understood the implications and hazards of his position. Having been warned by his father, he was a wilful trespasser whose presence was neither known to the operator nor reasonably should have been known to him until he was signaled to a halt.”
The court concluded that, in the absence of circumstances warranting application of the attractive nuisance doctrine (not present there or here), a trespassing minor is treated the same as a trespassing adult, to whom the standard owed by the property owner is to refrain from committing willful or wanton injury. As we have previously observed, there was no wanton negligence, willful misconduct or intentional harm by the defendants. Thus, if Claudine was a trespasser, the defendants did not breach their duty owed to her.
It is not necessary for us to decide whether Claudine was a Cavezzi licensee or a Green trespasser as the defendants did not breach any duty owed under either status, thus no liability for Claudine’s injury can be imposed upon them. The final judgment is reversed and remanded with instructions to enter judgment for the defendants.

. This court notes that Claudine’s candor and honesty are to be admired.